MEMORANDUM **
Martin Cazares Sandoval, Alicia Ta-mayo, and their daughter, Flor Maryssa Cazares Tamayo, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals’ order summarily affirming an immigration judge’s (“IJ”) decision denying Cazares Sandoval’s applications for asylum, withholding, and relief under the Convention Against Torture, and Alicia Tamayo’s application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the IJ’s continuous physical presence determination regarding Alicia Tamayo, Lopez-Alvarado v. Ashcroft, 381 F.3d 847, 850-51 (9th Cir.2004), and the IJ’s denial of asylum regarding Cazares Sandoval, INS v. Elias-Zacarias, 502 U.S. 478, 481, 483-84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We review constitutional claims de novo, Ram v. INS, 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.
Substantial evidence supports the IJ’s finding that Alicia Tamayo did not meet the continuous physical presence requirement where she testified that in 1989, she departed the United States in the beginning of March and returned at the end of June. 8 U.S.C. § 1229b(d)(2) (an applicant will fail to maintain continuous physical presence if he “has departed from the United States for any period in excess of 90 days”).
We reject as unpersuasive Alicia Ta-mayo’s contention that 8 U.S.C. § 1229b(d)(2) violates equal protection. See Ram, 243 F.3d at 517. (“Line-drawing decisions made by Congress or the President in the context of immigration must be upheld if they are rationally related to a legitimate government purpose.”).
Substantial evidence supports the IJ’s conclusion that Cazares Sandoval did not establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. See Elias-Zacarias, 502 U.S. at 481,112 S.Ct. 812. Cazares Sandoval failed to establish that a shot fired at his home one night by unknown individuals was connected to his participation in a Mexican political group. See Sangha v. INS, 103 F.3d 1482, 1491 (9th Cir.1997) (concluding that petitioner failed to show that he faced problems on account of his political opinion).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provid *148 ed by 9th Cir. R. 36-3.